UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WILBER L. FONTENOT | * | CIVIL ACTION NO. 2:15-cv-1774 |
| v. | * | JUDGE MINALDI |
| REPUBLIC NATIONAL DISTRIBUTING COMPANY, LLC | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is a Motion to Dismiss (Rec. Doc. 4) filed by Republic National Distributing Company, LLC ("Republic"), an Opposition (Rec. Doc. 8) filed by Wilber L. Fontenot, and a Reply (Rec. Doc. 9) filed by Republic. For the following reasons, Republic's motion (Rec. Doc. 4) will be **GRANTED.**

## FACTS & PROCEDURAL HISTORY

Fontenot was employed by Republic for almost forty (40) years.[1] At the time of his termination, Fontenot served as the Magnolia Division Area Manager/Spirit Division, a position he had occupied for about twenty-seven (27) years.[2] Sometime around late 2010 and early 2011, Fontenot discovered that Brandon Richard, an Area Manager/Wine Division, was violating state laws and regulations governing the sale of alcohol.[3] Fontenot investigated the situation and reported his findings to his immediate supervisor, Steve Brignac, Magnolia Division's Sales Manager.[4] Nonetheless, Republic promoted Richard in May 2011, which made him Fontenot's immediate supervisor.[5] Roughly six months after Richard's promotion, Fontenot was given a

---

[1] Compl. (Rec. Doc. 1) ¶ 4.
[2] *Id.*
[3] *Id.* ¶ 5.
[4] *Id.* ¶ 6.
[5] *Id.* ¶ 8.

1

negative evaluation for the first time in his career.[6] Although Fontenot received a satisfactory evaluation in a subsequent review,[7] he was placed on a performance improvement plan in September 2013, October 2013, and November 2013, the last of which resulted in his termination.[8]

On November 30, 2013, Fontenot was terminated by Republic for his alleged poor performance.[9] On April 29, 2014, Fontenot filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of age in violation of the Age Discrimination in Employment Act, as well as retaliation.[10] The EEOC issued a notice of right to sue which Fontenot received on March 7, 2015,[11] and he proceeded to file suit on May 28, 2015.[12] Republic filed the instant motion on July 27, 2015.[13]

## LAW & ANALYSIS

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. *See* FED. R. CIV. PRO. 12(b)(6). In the Fifth Circuit, Rule 12(b)(6) motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[6] *Id.* ¶ 10.
[7] *Id.* ¶ 11.
[8] *Id.* ¶ 12.
[9] *Id.* ¶ 17.
[10] *Id.* ¶ 19.
[11] *Id.* ¶ 20.
[12] *See* Compl. (Rec. Doc. 1).
[13] Mot. to Dismiss (Rec. Doc. 4).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

LA. REV. STAT. § 23:967

Republic seeks to dismiss Fontenot's claim of a violation of Louisiana's Whistleblower Statute, LA. REV. STAT. § 23:967, on the basis that it is untimely on its face. Louisiana's one-year delictual prescriptive period applies to the whistleblower claim, and the prescriptive period commenced when Republic fired Fontenot. *See Williams v. Otis Elevator Co.*, 557 F. App'x 299, 302 (5th Cir. 2014). Fontenot was terminated on November 30, 2013, and filed his suit on May 28, 2015, over five months after the prescription of the one-year period. Fontenot responds that: (1) the whistleblower claim is timely because his other claims were timely filed and they arise from a "common nucleus of operative fact" as the whistleblower claim; and (2) he had an additional six months to file his whistleblower claim under LA. REV. STAT. § 23:303.

In support of his first argument, Fontenot cites to *Velazquez v. Landcoast Insulation, Inc.*, 2008-804 (La. App. 3 Cir. 12/10/08); 999 So.2d 318, a case in which a Louisiana Court of Appeal held that a whistleblower claim was not time-barred even though it was filed after the one-year prescriptive period. In *Velazquez*, the plaintiff filed a federal complaint that did not include the whistleblower claim before the expiration of the one-year prescriptive period, and a petition in state court that arose from the same common nucleus of operative fact and included the whistleblower claim after the one-year prescriptive period. 999 So.2d 320. The court found that the filing of the federal petition interrupted prescription of the state law whistleblower claim because "[w]hen the filing of a petition places a defendant on notice that legal demands are being

3

made against it because of an occurrence described in the petition, prescription is interrupted, even when the petition fails to state a cause of action." *Id.* at 323 (citations omitted). Unlike the plaintiff in *Velazquez*, Fontenot filed neither a federal complaint nor a state court petition before the prescription of the one-year period for his whistleblower claim. Thus, nothing interrupted the one-year prescriptive period, and his whistleblower claim is time-barred.

Second, Fontenot argues that LA. REV. STAT. § 23:303(D) provides him with an additional six months to file his whistleblower claim because he filed a charge of discrimination with the EEOC. However, LA. REV. STAT. § 23:303(D) only applies to a "cause of action provided in this Chapter [3-a,]" and the whistleblower claim arises from LA. REV. STAT. § 23:967, which is in Chapter 9. Moreover, courts have held that the prescriptive period for a whistleblower claim is not suspended by EEOC proceedings. *See Lefort v. Lafourche Parish Fire Protection Dis. No. 3*, 39 F. Supp. 3d 820, 826 (E.D. La. 2014). Thus, the court finds that Fontenot did not have an additional six months under LA. REV. STAT. § 23:303(D) to file his whistleblower claim.

## CONCLUSION

The court finds that Fontenot's claim under the Louisiana Whistleblower Statute, LA. REV. STAT. § 23:967, has prescribed. Thus, Republic's motion to dismiss will be **GRANTED**.

Lake Charles, Louisiana, this 24 day of March, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

4