UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **WILBER L. FONTENOT** | **CIVIL ACTION NO. 2:15-CV-01774** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **REPUBLIC NATIONAL DISTRIBUTING** | **MAG. JUDGE KATHLEEN KAY** |

**RULING**

Pending before the Court is Defendant Republic National Distributing Company, LLC's ("RNDC") Motion in Limine [Doc. No. 40]. For the reasons that follow, RNDC's Motion in Limine is **GRANTED IN PART and DENIED IN PART**.

**I.    BACKGROUND AND PROCEDURAL HISTORY[1]**

Plaintiff Wilber L. Fontenot ("Fontenot") worked as district sales manager for RNDC, a beverage distribution company. *See* [Doc. No. 35, pp. 1-2]. Starting in 2010, RNDC had documented areas in which Fontenot needed to improve his job performance. See id. at p. 3. In August 2013, RNDC placed Fontenot on a Performance Improvement Plan ("PIP"), providing a ninety-day period for Fontenot to improve in the identified areas. *See id.* at pp. 3-4. Fontenot was terminated from his position as district sales manager with RNDC in November 2013 and was told the reason for termination was his job performance. *See id.* at p. 4. Fontenot was in his late sixties at the time he was terminated. *See id.* at p. 2.

After filing a charge of discrimination with the Equal Employment Opportunity Commission,

---

[1]The factual background of this case has been described in detail in the Court's Ruling on RNDC's motion for summary judgment. See [Doc. No. 35].

Fontenot filed suit on May 28, 2015, alleging: (1) that RNDC discriminated against him based on his age by terminating his employment, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Louisiana Age Discrimination in Employment Act ("LADEA"), Louisiana Revised Statute § 23:311, *et seq.*; and (2) that his termination violated Louisiana's whistleblower statute, Louisiana Revised Statute § 23:967. [Doc. No. 1, p. 6]. Fontenot seeks damages for past and future lost wages and benefits, emotional distress and mental anguish, humiliation and embarrassment, and loss of reputation. *Id.* He also seeks punitive damages and attorney's fees. *Id.* at p. 7.

On March 24, 2015, the Court dismissed Fontenot's claim under Louisiana's whistleblower statute, finding that his claim had prescribed. [Doc. No. 10; Doc. No. 11]. On October 13, 2017, the Court denied RNDC's motion for summary judgment on Fontenot's ADEA and LADEA claims, finding that there existed questions of material fact as to whether RNDC's proffered reason for terminating Fontenot was pretext for age discrimination. [Doc. No. 35; Doc. No. 36]. In its Ruling, the Court found that "Fontenot's *prima facie* case along with evidence of indirect comments referencing Fontenot's age and a dispute as to Fontenot's job performance 'is sufficient to create a jury issue of intentional age discrimination.'"[2] [Doc. No. 35, pp. 17-18 (quoting *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1507 (5th Cir. 1988))]. RNDC moved the Court to reconsider its Ruling, [Doc. No. 37], which the Court denied. [Doc. No. 43]. The case is set for a jury trial on March 12, 2018.

---

[2] As explained in the Court's Ruling, for the purposes of considering RNDC's motion for summary judgment, the Court presumed, without deciding, that Fontenot could establish a *prima facie* case of age discrimination. *See* [Doc. No. 35, p. 10].

## II. EVIDENCE SOUGHT TO BE EXCLUDED

RNDC filed the instant motion in limine seeking to exclude from trial: "(1) any documents that [Fontenot] failed to produce during discovery or claimed he destroyed and/or testimony concerning documents that [Fontenot] failed to produce or were destroyed by [Fontenot], (2) testimony concerning alleged stray remarks regarding [Fontenot's] retirement, (3) testimony and/or documents regarding [Fontenot's] dismissed claim, and (4) testimony regarding [Fontenot's] deceased . . . wife's medical condition." [Doc. No. 40]. Fontenot opposes the motion. [Doc. No. 42].

### A. Evidence Not Produced During Discovery and Testimony Regarding Such Evidence

RNDC moves to exclude "documents that [Fontenot] failed to produce during discovery and/or testimony by [Fontenot] concerning documents that [Fontenot] failed to produce or destroyed." [Doc. 40-1, p. 3]. RNDC cites Rule 37 of the Federal Rules of Civil Procedure to support its position that a party is not allowed to use information at trial that it failed to disclose as required by Rule 26, unless the failure was substantially justified or is harmless. [Doc. 40-1, pp. 3-4]. RNDC cites the deposition testimony of Fontenot where he stated that he threw away some documents after he left RNDC and destroyed his cell phone on which he would receive work e-mails. *Id.* at p. 4. RNDC asserts that Fontenot's actions destroyed potential evidence and moves the Court to issue an order prohibiting Fontenot from introducing evidence or testimony concerning documents that Fontenot failed to produce in this litigation. *Id.*

In opposition, Fontenot claims that RNDC's motion should be denied as redundant. [Doc. No. 42, p. 2]. Fontenot agrees that at trial a party cannot introduce documents or witnesses supporting his claims if he has not identified such evidence beforehand. *Id.* Fontenot cites his

deposition testimony where he stated that any documents he disposed of were from years prior to the years relevant to this lawsuit, and that he replaced his cell phone because it was damaged. *Id.* at pp. 2-3, 4. Fontenot asserts that he has provided RNDC with notice of the documents that Fontenot plans to use in support of his claims at trial, and that all of the documents at issue are documents within the custody and control of RNDC. *Id.* at pp. 3-4. Therefore, according to Fontenot, RNDC's Motion in Limine regarding such evidence is redundant. *Id.* at p. 4.

Federal Rule of Civil Procedure 26(a)(1)(A) provides, in pertinent part, "a party must, without awaiting a discovery request, provide to the other parties . . . a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 37(c), in turn, provides that if a party fails to provide information as required by Rule 26(a), "the party is not allowed to use that information to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

Here, RNDC does not identify any information that it believes Fontenot will attempt to introduce that has not been produced in discovery. Rule 37(c) is not an absolute bar to the admission of evidence that was not produced. Such evidence may be admitted if the party's failure to produce it was substantially justified or is harmless. Further, Fontenot states that he has provided RNDC with the evidence he intends to introduce, asserts that any documents he threw away are not relevant, and claims that RNDC had custody and control over any work e-mails that Fontenot may have lost when he replaced his phone. Accordingly, in this regard, RNDC's motion is DENIED. If specific evidence in this category is raised at trial, the Court will rule on objections at that time.

**B.     Stray Remarks**

Next, RNDC moves the Court to exclude evidence of remarks made by Steve Brignac ( ("Brignac"), a division manager with RNDC, regarding Fontenot's retirement. [Doc. No. 40-1, p. 4]. RNDC claims the remarks were made two years prior to Fontenot's termination. *Id.* RNDC claims Brignac's comments are not probative of age discrimination because they are not "direct and unambiguous" evidence of discriminatory intent that require no inference or presumption that age was a factor in RNDC's decision to discharge Fontenot. *Id.* at p. 5 (citing *EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996)). RNDC further asserts that the comments must be proximate in time and related to the adverse employment decision. *Id.* (citing *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010) (quoting *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 400-01 (5th Cir. 2000))). Therefore, RNDC moves the Court to exclude Brignac's comments regarding Fontenot's retirement because they are not direct and unambiguous evidence of discriminatory intent and were not proximate in time and related to Fontenot's termination. *Id.*

In opposition, Fontenot refutes RNDC's assertion that Brignac's comments were made only two years prior to Fontenot's termination, citing his deposition testimony where he stated Brignac made these comments over the course of the two-year period prior to his termination. [Doc. No. 42, p. 4.]. Fontenot asserts that Brignac's comments are relevant as to whether Fontenot was terminated because of his age because Brignac was the person who made the decision to terminate Fontenot's employment. *Id.* Further, Fontenot asserts that RNDC has not shown that such evidence is so highly prejudicial that it should be excluded. *Id.*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency

to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Under Rule 402, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise; and irrelevant evidence is not admissible. FED. R. EVID. 402. Pursuant to Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]" *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994). "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *Id.* at 1115-16 (quoting *United States v. McRase*, 593 F.2d 700, 707 (5th Cir. 1979), *cert. denied*, 444 U.S. 862 (1979)).

The Court previously denied RNDC's motion for summary judgment on Fontenot's ADEA and LADEA claims and also denied RNDC's motion to reconsider its ruling on the motion for summary judgment. [Doc. No. 35; Doc. No. 43]. In so doing, the Court found that Brignac's remarks were probative of discriminatory intent because they satisfied the Fifth Circuit's test for comments used as circumstantial evidence and were not the only evidence of pretext. *See* [Doc. No. 35, p. 16 (citing *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 475-76 (5th Cir. 2015); *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 577 (5th Cir. 2003)]. RNDC makes no showing that such relevant evidence should be excluded for any of the reasons set forth in Federal Rule of Evidence 403. Accordingly, RNDC's motion is DENIED in this regard.

### C. Evidence Regarding Fontenot's Dismissed Claim

Next, RNDC moves the Court to exclude evidence or testimony regarding: (1) Fontenot's previously dismissed claim that he was discharged in violation of Louisiana's whistleblower statute, and (2) related allegations. [Doc. No. 40-1, p. 6]. RNDC asserts that such evidence should be excluded because it would unfairly prejudice RNDC by improperly bolstering Fontenot's case. *Id.* RNDC asserts that the evidence may confuse the jury and mislead it to improperly consider evidence relating to the dismissed claim when deliberating on Fontenot's age discrimination claims. *Id.* at pp. 6-7. RNDC further contends that the introduction of such evidence would lead to a "mini-trial" on irrelevant and unrelated key issues as RNDC would be required to defend against the previously dismissed claim. *Id.* at p. 7.

In opposition, Fontenot asserts that RNDC's request is redundant. [Doc. No. 42, p. 4]. However, Fontenot argues that he should be allowed to present testimony that shows that RNDC's proffered reason for Fontenot's termination is pretext for age discrimination. *Id.* at p. 5. Fontenot provides, as an example of such evidence, his deposition testimony in which he explains how events related to the dismissed claim impacted his ability to make sales. *Id.* at pp. 5-6. Fontenot claims that evidence such as this "disputes and/or calls into question RNDC's position that Fontenot's poor job performance lead to his termination," which is relevant and probative of the issue of pretext. *Id.* at p. 6. Fontenot claims that this would not be misleading to the jury because the evidence would not be offered in support of his dismissed claim but would only be offered on the issue of pretext. *Id.*

Considering the motion in regard to evidence and testimony of the dismissed claim, Fontenot seems to admit that it is not relevant, and, thus, should be excluded. *See id.* at p. 4 (using the same language - "this request is redundant" - as he did previously when agreeing with RNDC on the

7

limitations on trial evidence provided by Rule 37(c) and Rule 26(a) of the Federal Rules of Civil Procedure). Thus, finding merit in RNDC's motion as to evidence of Fontenot's dismissed whistleblower claim, the motion is GRANTED in this regard.

As to evidence of related allegations which may also support Fontenot's case as to pretext, such evidence is relevant. Further, Fontenot has stated that he will not offer the evidence to raise or prove the dismissed claim but will only offer the evidence as to pretext. Accordingly, the Court finds that the risk of unfair prejudice, confusing or misleading the jury, or creating a "mini-trial" does not outweigh the probative value, especially considering that the Court will instruct the jury on the applicable law, including the parties' burdens in this case. Therefore, in this regard, RNDC's motion is DENIED.

### D. Testimony Regarding Fontenot's Deceased Wife's Medical Condition

Finally, RNDC moves the Court to exclude evidence relating to Fontenot's deceased wife's medical condition and death in 2014. [Doc. No. 40-1, p. 7]. RNDC argues that any reference to Fontenot's deceased wife's diagnosis, treatment, and death (collectively "medical condition") are unrelated to RNDC's decisions to place Fontenot on a PIP and discharge him. *Id.* at p. 8. Further, RNDC contends that the admission of such evidence would unfairly prejudice RNDC because it would appeal to an illegitimate basis for persuasion in favor of Fontenot, namely sympathy. *Id.*

In opposition, Fontenot claims that his deceased wife's medical condition is relevant to the issue of mitigating damages after he was discharged in order to explain why he did not immediately seek other employment. [Doc. No. 42, p. 6]. Fontenot also asserts that such testimony is relevant to show his efforts to comply with RNDC's PIP. Id. at pp. 6-7. Fontenot asserts that he does not claim that his deceased wife's medical condition was related to RNDC's decisions to place him on a PIP

8

or terminate him, but wishes to apprise the jury of all the circumstances relevant to his termination and his claim that his termination was based solely on his age. *Id.* at p. 7.

Under the ADEA, "the plaintiff is required to mitigate damages by using reasonable efforts to obtain and maintain comparable employment following his termination." *Palasota*, 499 F.3d at 486. Accordingly, evidence and testimony as to whether Fontenot used reasonable efforts to obtain subsequent, comparable employment is relevant and may include the circumstances which aided or hindered his efforts. However, the details of the diagnosis, treatment, and death of a spouse with a terminal illness are not necessary to accomplish this task and are likely to cause unfair prejudice by persuading the jury through sympathy.

Thus, as to the issue of Fontenot's mitigation of damages, RNDC's motion is DENIED IN PART and GRANTED IN PART. Fontenot may testify only as to the minimally necessary and relevant details of his deceased wife's medical condition during the time frame in which he must prove his attempts at mitigating his damages. The Court cautions Fontenot not to offer evidence as to his deceased wife's medical condition beyond these limitations, particularly for the purpose of improperly persuading the jury through sympathy. If further details are required to rebut or support an inference that Fontenot's deceased wife's medical condition did not account for the reasonable efforts to mitigate damages to which Fontenot testifies, the parties may move the Court to allow the admission of further details.

On the other hand, evidence of Fontenot's deceased wife's medical condition has only marginal relevance as to whether RNDC discharged Fontenot because of his age. Indeed, Fontenot seems to admit that his deceased wife's medical condition was not "related to RNDC's placement of him on a PIP or to his ultimate termination." [Doc. No. 42, p. 7]. However, in the same paragraph,

9

Fontenot states that the evidence is relevant to show that he made an effort to comply with RNDC's PIP "even though it meant he was unable to accompany his wife to Houston, Texas for certain treatment." *Id*. at pp. 6-7. As before, the details of the diagnosis, treatment, and death of a spouse with a terminal illness is likely to cause unfair prejudice by persuading the jury through sympathy. When weighed against the marginal relevance of Fontenot's deceased wife's medical condition in this context, the Court finds that the introduction of such evidence would unfairly prejudice RNDC. Accordingly, as to Fontenot's proffered use of such evidence in support of his efforts to comply with RNDC's PIP, RNDC's motion is GRANTED IN PART and DENIED IN PART. Fontenot may testify that his deceased wife was ill and that he did not accompany her to some medical appointments for the purpose that Fontenot has stated in this regard, but Fontenot may not provide details of his deceased wife's medical condition. Evidence as to Fontenot's deceased wife's medical condition is otherwise excluded to show pretext. If, at trial, the evidence is required to rebut an inference that Fontenot did not attempt to comply with RNDC's PIP and that such non-compliance was a factor in RNDC's decision to discharge Fontenot, Fontenot may move the Court to allow admission of further details. Upon request and if appropriate, the Court will also consider giving a limiting instruction to the jury.

### III. CONCLUSION

For the foregoing reasons, RNDC's Motion in Limine is GRANTED IN PART and DENIED IN PART. The following evidence is EXCLUDED: (1) evidence and testimony of Fontenot's whistleblower claim, previously dismissed in this suit; (2) unnecessary or irrelevant details regarding Fontenot's deceased wife's medical condition, offered for the purpose of showing Fontenot's reasonable efforts to mitigate damages; (3) evidence and testimony of Fontenot's

deceased wife's medical condition, other than a general reference that she was ill and had medical appointments, offered for the purpose of showing that RNDC's proffered reason for discharging Fontenot was pretext for age discrimination.

MONROE, LOUISIANA, this 2nd day of March, 2018.

*[signature: Robert G. James]*

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**